USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/9/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Weilian Shen,
              *Petitioner*,

    v.

United States of America,

              *Respondent*.

22 Civ. 8014 (GHW)

04 Cr. 1205-23 (BSJ)

**Order re: Attorney-Client Privilege Waiver (Informed Consent)**

WHEREAS Weilian Shen ("Petitioner") has filed a petition for a writ of error *coram nobis*, seeking to vacate her conviction under 18 U.S.C. §§ 371 and 2320 based on allegations of ineffective assistance of counsel by her former defense counsel, Joseph Schioppi ("Counsel") (ECF No. 5); and

WHEREAS the Government, after reviewing the motion papers, has concluded that the testimony of Counsel will be needed to allow the Government to respond to the petition; and

WHEREAS the Court, after reviewing the motion papers, is satisfied that the testimony of Counsel is needed to allow the Government to respond to the petition; and

WHEREAS by filing the petition, Petitioner has waived the attorney-client privilege as a matter of law; and

WHEREAS the Court is cognizant that, absent court order, ethical concerns may inhibit Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*,

IT IS HEREBY ORDERED that Mr. Schioppi shall give sworn testimony, in the form of an affidavit or affirmation, addressing the allegations of ineffective assistance of counsel made by Petitioner; and it is further

ORDERED that Petitioner Weilian Shen execute and return to this court within 14 days from today's date the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form. If the document is not received by the court within 14 days from today's date, the court will deny the petition, on the ground that the Petitioner failed to authorize the disclosure of information needed to permit the Government to respond to the petition; and it is further

ORDERED that the Government shall be permitted 30 days from the receipt of said executed "Attorney-Client Privilege Waiver (Informed Consent)" form to obtain sworn testimony from Counsel and file its opposition and any additional supporting papers with this Court.

Dated: New York, New York

November 9, 2022

_____
HON. GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Weilian Shen<br>　　　　　　*Petitioner*,<br>　　v.<br>United States of America,<br>　　　　　　*Respondent*. | 22 Civ. 8014 (GHW)<br><br>04 Cr. 1205-23 (BSJ) |

**Attorney-Client Privilege Waiver (Informed Consent)**

To: Petitioner Weilian Shen

You have filed a petition for a writ of error *coram nobis*, to have your conviction vacated on the ground that you received ineffective assistance from your former lawyer, Joseph Schioppi, Esq. (referred to in this form as "your former attorney"). The Court has reviewed your papers and determined that it needs to have a sworn testimonial statement from your former attorney in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former attorney to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your former attorney a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order.  The court has already issued an Order (copy attached) ordering your former attorney to give such testimony, in the form of an affidavit.  This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your petition to vacate your conviction on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the court. The form constitutes your authorization to your former attorney to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former attorney will contradict your statements about his or her representation of you.  However, you should also know that the court will deny your motion if you do not authorize your former attorney to give an affidavit in response to the Court's attached Order.

You must return this form, signed by you and notarized, within fourteen (14) days from the date of the Court's Order directing your former lawyer to give testimony. If the Court does not receive this form, signed by you and notarized, within that time, the court will automatically deny your motion.

NOTARIZED AUTHORIZATION

I have read the Court's Order dated _____ and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorney, Joseph Schioppi, Esq., to comply with the Court's Order by giving testimony, in the form ordered by the court, relating to my motion to set aside my conviction on the ground of ineffective assistance of counsel. This authorization allows my former attorney to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated: _____

Signed:_____

Sworn to before me this \_\_\_\_\_ day of _____, 20\_\_\_

_____
Notary Public